# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v. )<br>)<br>MICHAEL JAMES REED, )<br>)<br>Defendant. ) | CRIMINAL NO. 16-0274-WS |

## ORDER

This matter is before the Court on the defendant's motion for disclosure of a confidential informant's identity. (Doc. 110). The government has filed a response, (Doc. 119), and the motion is ripe for resolution.

The defendant offers three reasons to require disclosure: (1) his suspicion that the informant was a participant in/witness to the underlying crime; (2) his suspicion that the informant's identity constitutes *Brady* material; and (3) his belief that disclosure of the informant's identity "will potentially play an important role in uncovering admissible evidence, aiding witness preparation, corroborating testimony, and assisting impeachment o[r] rebuttal." (Doc. 110 at 2-3).

The defendant surmises that one Kelwinn Hill was the informant, based on a government report that Hill took a picture of the cocaine and on photographs attached to the report depicting cocaine and an individual the defendant believes to be Hill. (Doc. 110 at 2). Hill, however, was one of four subjects of the investigation, was arrested at the same time and place as the defendant and the other two defendants, (Doc. 32 at 9; Doc. 57 at 16; Doc. 62 at 4; Doc. 71 at 4), and has pleaded guilty to like charges. *United States v. Hill*, Crim. Action No. 17-0049-KD. As the government points out, it is exceedingly unlikely that an informant would rat himself out. Moreover, the photograph in which Hill is depicted plainly is not a selfie, since his hands are behind his back. (Doc. 110 at 6). Implausibility aside, the government denies that Hill is the informant, and the defendant offers no reason to doubt that denial.

Although the defendant posits that "[t]he identity of the informant is exculpatory," (Doc. 110 at 3), he offers no explanation or support for this belief. The government is well aware of its obligations under the Constitution and Local Criminal Rule 16(b)(1)(B), and the Court cannot

simply assume the government is withholding information it knows it is required to produce. "The burden to show a *Brady* violation lies with the defendant, not the government …," and that burden includes a showing that "the government possessed favorable evidence [sic] to the defendant." *United States v. Stein*, 846 F.3d 1135, 1145 (11th Cir. 2017) (internal quotes omitted). The defendant has not attempted to meet his burden.

Under *Roviaro v. United States*, 353 U.S. 53 (1957), as construed by the Eleventh Circuit, the question whether the government's limited privilege not to disclose the identity of a confidential informant should be breached focuses on: "(1) the extent of the informant's participation in the criminal activity; (2) the directness of the relationship of the defendant's asserted defense and the probable testimony of the informant; and (3) the government's interest in nondisclosure." *United States v. Flores*, 572 F.3d 1254, 1265 (11th Cir. 2009) (internal quotes omitted). The defendant does not address these factors, but his motion is governed by them nevertheless.

Other than his misguided suspicion that Hill was the informant, the defendant offers no evidence or even allegation that the informant participated in the criminal activity. "When the confidential informant is not an active participant in the criminal activity, but only a tipster, disclosure of his identity is not required …." *United States v. Gonzales*, 606 F.2d 70, 75 (5th Cir. 1979). From the original search warrant application forward, the government has consistently portrayed the informant as only a tipster, and the defendant offers nothing even remotely to the contrary.

The only defense the defendant identifies is that he had nothing to do with the cocaine that forms the basis of this prosecution. (Doc. 110 at 2). According to the pre-sentence reports and factual resumés of the co-defendants, the informant advised law enforcement that four individuals were traveling in two specifically identified vehicles towards a residence where they would break down the kilogram of cocaine they were transporting. The defendant, his two co-defendants and Hill were then observed in those vehicles and followed to a residence, which they entered using a key. When law enforcement executed a search warrant shortly thereafter, the defendant and his two co-defendants were inside, with cocaine on the kitchen table. (Doc. 32 at 8-10; Doc. 57 at 15-17; Doc. 62 at 4; Doc. 71 at 4). The defendant asserts that he, unlike his two co-defendants, was not under investigation prior to his arrest. (Doc. 110 at 2).

While the defendant thus has identified a defense, he has not identified the probable testimony of the informant nor shown any relation, direct or otherwise, between his defense and that probable testimony.  Since the informant alerted law enforcement that four individuals (thus including the defendant) would be involved in the cocaine operation, it is difficult to imagine how the informant could provide exculpating testimony.

All the defendant offers is his conclusory assertion that the disclosure of the informant's identity could "potentially" assist in uncovering admissible evidence, aiding witness preparation, corroborating testimony or assisting in impeachment or rebuttal.  A defendant must "show" how disclosure would be helpful to his defense, and "general assertion[s]" such as the defendant makes amount to "nothing more than speculation."  *United States v. Hansen*, 569 F.2d 406, 411 (5th Cir. 1978); *see also Gonzales*, 606 F.2d at 75 ("[I]t has been frequently held that mere conjecture of supposition about the possible relevancy of the informant's testimony is insufficient to warrant disclosure.").

The government identifies its interest in non-disclosure as resting primarily on the danger disclosure would pose to the informant.  This is an appropriate government interest. *E.g., United States v. Tenorio-Angel*, 756 F.2d 1505, 1509 (11th Cir. 1985) ("The government's interest may be proven by showing that disclosure might endanger the informant or other investigations.").  The government indicates that the defendant was involved in a larger organization, not all members of which have been identified and who could retaliate against the informant.  (Doc. 119 at 5-6).  The defendant affirmatively agrees, stressing the statement of a co-defendant that he would do his time without cooperating with the authorities because otherwise these people would kill him.  (Doc. 110 at 3).

For the reason set forth above, the defendant's motion for disclosure is **denied**.

DONE and ORDERED this 16th day of February, 2018.

s/WILLIAM H. STEELE  
UNITED STATES DISTRICT JUDGE