# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) CRIMINAL NO. 16-0274-WS |
| | ) |
| MICHAEL JAMES REED, | ) |
| | ) |
|     Defendant. | ) |

## ORDER

The defendant filed a motion for disclosure of a confidential informant's identity. (Doc. 110). The Court allowed the government to file a response, (Doc. 118), which it did. (Doc. 119). The Court did not order or authorize a reply brief, and once the motion became ripe, the Court entered an order denying the defendant's motion. (Doc. 120). Shortly thereafter, the defendant filed what he termed a reply. (Doc. 121). Because it was filed without direction or authorization, and because it was filed after the Court ruled, the Court construes the filing as a motion to reconsider.

As noted in the Court's previous order, the defendant offers three reasons to require disclosure: (1) his suspicion that the informant was a participant in/witness to the underlying crime; (2) his suspicion that the informant's identity constitutes *Brady* material; and (3) his belief that disclosure of the informant's identity "will potentially play an important role in uncovering admissible evidence, aiding witness preparation, corroborating testimony, and assisting impeachment o[r] rebuttal." (Doc. 110 at 2-3). His motion to reconsider does not alter the Court's assessment of these reasons.

As previously noted, (Doc. 119 at 2), under *Roviaro v. United States*, 353 U.S. 53 (1957), as construed by the Eleventh Circuit, the question whether the government's limited privilege not to disclose the identity of a confidential informant should be breached focuses on: "(1) the extent of the informant's participation in the criminal activity; (2) the directness of the relationship of the defendant's asserted defense and the probable testimony of the informant; and (3) the government's interest in nondisclosure." *United States v. Flores*, 572 F.3d 1254, 1265 (11th Cir. 2009) (internal quotes omitted).

As to the first factor, the motion to reconsider clarifies that the defendant does not assert that Kelwinn Hill was the informant (as his motion for disclosure obscurely suggested) but rather that the informant was present with Hill and took a photo of him and the cocaine made the subject of this prosecution. The problem remains that the defendant does not assert the informant was a participant in the criminal activity. On the contrary, he insists that Hill merely knew the informant and that Hill considered the informant to be an outsider to the criminal activity. (Doc. 121 at 2). As the Court previously noted, "[w]hen the confidential informant is not an active participant in the criminal activity, but only a tipster, disclosure of his identity is not required …." *United States v. Gonzales*, 606 F.2d 70, 75 (5th Cir. 1979). The government has consistently portrayed the informant as a mere tipster, and the defendant continues to make no contrary assertion.

As to the second factor, the defendant states that he desires the informant's testimony in order to impeach Hill should Hill repeat on the stand his post-arrest statement that he only dealt with marijuana, not cocaine. (Doc. 121 at 2). Given that Hill has pleaded guilty to conspiracy to possess with intent to distribute the two kilograms of cocaine involved in this prosecution,[1] the chance that he would swear under oath that he has dealt only with marijuana would appear to approach the infinitesimal. Nor has the defendant attempted to show how impeaching Hill on whether he has dealt only with marijuana could directly relate to his asserted defense, (Doc. 110 at 2), that he had nothing to do with the cocaine that he and his co-defendants, under observation by law enforcement, transported to the house where it, and they, were found.

The defendant also states without elaboration that he needs to interview the informant in order to obtain a fair trial. (Doc. 121 at 2). As the Court previously pointed out, (Doc. 120 at 3), a defendant must "show" how disclosure would be helpful to his defense, and "general assertion[s]" such as the defendant makes amount to "nothing more than speculation." *United States v. Hansen*, 569 F.2d 406, 411 (5th Cir. 1978); *see also Gonzales*, 606 F.2d at 75 ("[I]t has been frequently held that mere conjecture of supposition about the possible relevancy of the informant's testimony is insufficient to warrant disclosure.").

As to the third factor, the government identifies its interest in non-disclosure as resting primarily on the danger disclosure would pose to the informant. This is an appropriate government interest. *E.g., United States v. Tenorio-Angel*, 756 F.2d 1505, 1509 (11th Cir. 1985)

---

[1] *United States v. Kelwinn Tyrone Hill*, Criminal Action No. 17-0049-KD, Docs. 1, 3.

("The government's interest may be proven by showing that disclosure might endanger the informant or other investigations."). The government indicates that the defendant was involved in a larger organization, not all members of which have been identified and who could retaliate against the informant. (Doc. 119 at 5-6). The defendant scoffs that it is "inconceivable" the informant could be subject to retaliation, given that Hill has cooperated with law enforcement for over a year, apparently without repercussion. (Doc. 121 at 3). In his motion for disclosure, however, the defendant stressed that Hill was so afraid of retaliation that he refused to cooperate and told law enforcement that "he would take his time in prison because these people will kill him." (Doc. 110 at 3). Moreover, Hill is in custody, while the informant presumably is on his or her own in the free world.

Unable to satisfy the test for obtaining disclosure of the informant's identity, the defendant suggests he should be excused from meeting the test because he can acquire the same information by other means at trial. Hill, he says, indicated to law enforcement that the informant had to be one of three people. The government intends to call Hill at trial, and the defendant intends to cross-examine him about the identity of the informant. Because the defendant anticipates discovering the informant's identity in this manner, he argues the government should disclose his or her identity now. (Doc. 121 at 2). Assuming without deciding that the government could not successfully object to such an inquiry at trial, the defendant identifies no authority or legal principle that would permit him to compel disclosure by the government without satisfying the established test for overcoming the government's privilege against such disclosure.

For the reason set forth above, the defendant's deemed motion to reconsider is **denied**.

DONE and ORDERED this 20th day of February, 2018.

                                                     s/WILLIAM H. STEELE
                                                    UNITED STATES DISTRICT JUDGE