# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) CRIMINAL NO. 16-0274-WS |
| | ) |
| MICHAEL JAMES REED, | ) |
| | ) |
| Defendant. | ) |

## ORDER

This matter is before the Court on the defendant's motion to dismiss. (Doc. 92-1). The parties have filed briefs in support of their respective positions, (Docs. 92-2, 101),[1] and the motion is ripe for resolution.

The defendant was indicted on December 28, 2016. (Doc. 1). An arrest warrant was issued the same day. (Doc. 5). The defendant was arrested on or about November 27, 2017. (Doc. 78 at 2). Trial was originally set for February 2018, (Doc. 83 at 1), but was moved to March 2018 on the defendant's motion. (Docs. 103, 104). The defendant argues that this post-indictment delay violates his Sixth Amendment right to a speedy trial.

"In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial …." U.S. Const. amend. VI. The "unsatisfactorily severe remedy … when the right has been deprived" is "dismissal of the indictment." *Barker v. Wingo*, 407 U.S. 514, 522 (1972). To evaluate whether the constitutional right to a speedy trial has been infringed, the Supreme Court has adopted "a balancing test, in which the conduct of both the prosecution and the defendant are weighed." *Id*. at 530. The test consists of four factors: "[l]ength of delay, the reason for the delay, the defendant's assertion of his right, and prejudice to the defendant." *Id*.

The first factor serves as a gatekeeper. "Until there is some delay which is presumptively prejudicial, there is no necessity for inquiry into the other factors that go into the balance." *Barker*, 407 U.S. at 530. "A delay becomes 'presumptively prejudicial' [for purposes of the first factor] as it approaches one year." *United States v. Knight*, 562 F.3d 1314, 1323 (11th Cir. 2009). The government argues the defendant cannot satisfy this threshold measure because he was arrested eleventh months after his indictment. (Doc. 101 at 2). Arrest, however, does not cut off

---

[1] The defendant declined the opportunity to file a reply brief. (Docs. 95, 108).

a defendant's right to a speedy trial; rather, "[t]he Sixth Amendment right to a speedy trial attaches at the time of arrest or indictment, whichever comes first, and continues until the date of trial." *Id*. (internal quotes omitted). From the defendant's indictment until his trial as now scheduled is over 14 months; because that period exceeds one year, the Court assumes the delay is sufficiently long to satisfy the first factor and enable the defendant to proceed to the others.

The second factor is "the reason the government assigns to justify the delay." *Barker*, 407 U.S. at 531. "A deliberate attempt to delay the trial in order to hamper the defense should be weighted heavily against the government, but "[a] more neutral reason such as negligence … should be weighted less heavily but nevertheless should be considered since the ultimate responsibility for such circumstances must rest with the government rather than with the defendant." *Id*. The parties agree that the government's failure to arrest the defendant (who at all times was living at a known address in Mississippi) promptly was due to the government's negligence. (Doc. 92-2 at 5-6; Doc. 101 at 3).

The third factor addresses whether and when the defendant asserted his right to a speedy trial. The government does not dispute the defendant's position that he was ignorant of the indictment (which was sealed) until his arrest. (Doc. 92-2 at 5). The defendant was arraigned, and counsel appointed, on December 21, 2017, (Docs. 81, 83), and the defendant filed the instant motion on January 10, 2018. The government does not effectively dispute the defendant's position that he invoked his Sixth Amendment rights with sufficient rapidity for this factor to favor him.[2]

The fourth factor considers the prejudice resulting to the defendant due to the delay in his trial. "Prejudice, of course, should be assessed in the light of the interests of defendants which the speedy trial right was designed to protect." *Barker*, 407 U.S. at 532. These include: "to prevent oppressive pretrial incarceration"; "to minimize the anxiety and concern of the accused"; and "to limit the possibility that the defense will be impaired." *Id*. Because the defendant

---

[2] The government suggests that mere awareness of an investigation that might someday lead to an indictment triggers an obligation to assert speedy trial rights, (Doc. 101 at 5), but it cites no authority supporting that dubious proposition. The government also challenges the sincerity of the defendant's invocation of the Sixth Amendment, since he (according to the government) did not assert any such right in the parallel state litigation. (*Id*.). Again, the government offers no legal authority supporting that position, and the Court declines to search for such authority on its own.

remained free prior to his arrest, and because he was unaware that he had been indicted, the first two sorts of prejudice are not in play. *Doggett v. United States*, 505 U.S. 647, 654 (1992).

The defendant does not claim that he has suffered actual prejudice, in the form of an impaired defense (such as dead or missing witnesses, failing memories and so forth). Instead, he argues that the delay in this case was so "long" and so "groundless" that prejudice must be presumed. (Doc. 92-2 at 6). The cases on which he relies, however, involved post-accusation delays of almost a decade. Although government negligence causing prejudice will support the Sixth Amendment remedy of dismissal, "such is the nature of the prejudice presumed that the weight we assign to official negligence compounds over time as the presumption of evidentiary prejudice grows. Thus, our toleration of such negligence varies inversely with its protractedness." *Doggett*, 505 U.S. at 657. Which means that, "to warrant granting relief, negligence unaccompanied by particularized trial prejudice must have lasted longer than negligence demonstrably causing such prejudice." *Id*.

As noted, the time between the defendant's indictment and his trial will be between 14 and 15 months. In *United States v. Clark*, 83 F.3d 1350 (11th Cir. 1996), the time between indictment and arrest (not trial) was over 17 months. *Id*. at 1352. The Eleventh Circuit held that this time gap, the result of the government's negligence, was insufficient to excuse the defendant from demonstrating actual prejudice. *Id*. at 1354. The panel also "agree[d] with the [Ninth Circuit] that a 14½-month delay caused by government negligence is insufficient to excuse a defendant from making such a showing." *Id*. The government relies on *Clark*, and the defendant offers no reason it should not govern. Because the defendant relies exclusively on presumed prejudice when he is required to show actual prejudice, his motion must fail.[3]

For the reasons set forth above, the defendant's motion to dismiss is **denied**.

DONE and ORDERED this 20th day of February, 2018.

s/WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE

---

[3] Although unnoted by the parties, the Court is aware that, if the first three factors "all … weigh heavily against the Government, the defendant need not show actual prejudice (the fourth factor) to succeed in showing a violation of his right to a speedy trial." *United States v. Ingram*, 446 F.3d 1332, 1336 (11th Cir. 2006). *Ingram*, however, left *Clark* intact and effectively conceded that 17 months is an insufficiently long delay to weigh "heavily" against the government, *id*. at 1338-39 – a result consistent with *Doggett*'s observation that delay due to negligence must last longer in the absence of particularized trial prejudice. 505 U.S. at 657.